RAE JAYSON, PLAINTIFF-RESPONDENT, v. AMERICAN CASUALTY COMPANY, DEFENDANT-APPELLANT.

Submitted May term, 1930—Decided January 22, 1931.

Before Justices Case, Daly and Donges.

For the plaintiff-respondent, *Kalisch & Kalisch* and *Robert I. Morris* (*Isidor Kalisch,* on the brief).

For the defendant-appellant, *Walter X. Trumbull* (*Joseph C. Paul,* on the brief).

Per Curiam.

The defendant company had issued its policy of indemnity insurance on May 6th, 1924, to one Rose Kirschner, who on or about June 15th, 1926, conveyed the involved premises to the plaintiff. Plaintiff's husband testified that at the time of the conveyance he went to the office of Edward S. Bessman and there saw the office manager, one Miss Goldberg, and asked to have the policy endorsed over to his wife; that Miss Goldberg thereupon told him that there was coverage without a binder; that he left the policy and after several weeks, namely, about the 24th of March, 1926, received it back and filed it with his "other policies." The policy as produced in court was the original policy issued to Rose Kirschner, containing an endorsement transferring its coverage as of noon on March 24th, 1926, to the plaintiff, Rae Jayson. Meanwhile, on March 21st, 1926, an accident had been suffered by one Alex Katz, who brought suit against the

present plaintiff. The matter was one as to which the policy would be effective if plaintiff were entitled to its coverage on March 21st, the date of the accident; but the present defendant denied liability, declined to defend Mrs. Jayson against the action by Katz and later refused to pay the judgment recovered by the latter. The present suit was instituted by Mrs. Jayson to recover under the policy of indemnity. The District Court found judgment for the plaintiff. From that judgment defendant appeals on the single ground that the trial court erred as a matter of law in refusing to grant a direction of verdict in favor of the defendant in that the terms of the policy specifically set forth that the plaintiff, Rae Jayson, was not covered by the policy of the defendant until twelve o'clock noon on March 24th, 1926, whereas the accident upon which the plaintiff based her cause of action occurred on March 21st, 1926.

The policy in paragraph 15 provided as follows: "No assignment of interest under this policy shall be binding upon the company unless its ratification of such assignment signed by the president or secretary be endorsed hereon."

Where a policy of liability insurance contains express restrictions and limitations of authority with reference to transfers of the insured's interest, the provisions of the policy cannot be ignored or overridden by the unauthorized acts of a subordinate agent and unless the *modus operandi,* relating to transfer of ownership, contained in a policy of insurance, be complied with, there is no privity of contract between the insurer and transferee upon which liability of the former can be predicated. *Shyowitz* v. *Union Indemnity Co.,* 104 *N. J. L.* 339. The plaintiff contends that that principle is not applicable and that the provisions of the policy had been complied with inasmuch as the transfer of ownership, having previously been recognized by an agent, was thereafter "ratified" by the official act of the company, and that this "ratification" brought within the policy a liability that had meanwhile accrued. The argument, in our opinion, lacks substance. We find nothing in the endorsement on the policy to suggest that the insured had knowledge of an earlier effort

at assignment. Nor do we understand that the endorsement was itself a ratification of prior acts. It appears to us to be a simple transfer, as of the date therein set forth, namely, March 24th, 1926, of the beneficial interest. If the plaintiff's contention were correct, then the act of the company in making over the benefit of an existing policy to a new owner of property, no matter how long after the acquisition, would thereby automatically establish indemnification to the new owner for any liability that had accrued against the latter, not merely since the presentation of the policy to an agent, but since the acquisition of title by the new owner. For the assignment of interest referred to in paragraph 15 of the policy is the assignment from the old to the new owner; and if an endorsement on the policy making it good to the new owner is to be interpreted as done *nunc pro tunc* as of the acquisition of interest, all intermediate events would fall within its scope. Such a situation is rather startling as applied to a contract of insurance.

Our view is that there was no privity of contract between Rae Jayson and the defendant company until March 24th, 1926, and that consequently there was no liability on the part of the defendant to reimburse the plaintiff because of the Katz accident or the judgment arising therefrom.

The judgment below will be reversed.